UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                          CASE NO. 8:19-cv-2856-SDM-TGW
                                                                      8:14-cr-133-SDM-TGW
TOBORUS DONTAY CUNNINGHAM
_____/

**ORDER**

      Cunningham's amended motion under 28 U.S.C. § 2255 (Doc. 17) to vacate challenges the validity of his convictions for both possession with the intent to distribute cocaine and possession of a firearm in furtherance of a drug trafficking crime, for which he is imprisoned for a total of 120 months. The circuit court affirmed. (Doc. 132 in criminal case) Cunningham's principle argument is that the United States and his defense counsel committed a fraud on the court. In response the United States requests dismissal of the motion to vacate as untimely. (Doc. 18 at 4–6) In reply Cunningham asserts entitlement to another limitation under Sections 2255(f)(2) and (4).

      Cunningham's conviction became final on March 14, 2016, and he filed this action on November 18, 2019. Section 2255(f) creates a one-year limitation for a motion to vacate. Typically, a defendant must file a motion to vacate within one year from "the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Under that provision, Cunningham's limitation was March

14, 2017. Cunningham recognizes that his motion is untimely under that provision. Instead, Cunningham asserts timeliness under Sections 2255(f)(2) and (4), which provide a one-year limitation from:

> (2) the date on which the impediment to making a motion created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; and
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Cunningham asserts that his motion is timely because the United States' fraud qualifies as an impediment under Section 2255(f)(2) and his discovery of new facts qualifies for another limitation under Section 2255(f)(4). Cunningham's entitlement to a limitation under either provision hinges on the issuance of search warrants by state authorities that led to his arrest.

On direct appeal the circuit court summarized the relevant facts as follows (Doc. 132 at 2–4):

> In November 2013, a confidential informant reported to police that Cunningham was engaging in drug trafficking. The informant told police that Cunningham was one of "the biggest drug dealers in town" and was "supplying the majority of the drug dealers" in the area. Subsequently, the informant purchased drugs from Cunningham on two occasions. The police recorded both purchases. Following these purchases, the police obtained a search warrant for Cunningham's home and workplace. The warrant was supported by an affidavit of two law enforcement officials. The officials described the informant's reports and drug purchases from Cunningham. They also stated that they have been involved with hundreds of drug investigations and, based on this experience, they know drug traffickers often store various types of evidence of drug activity, such as currency and records of drug transactions, at their homes.

> During their search of Cunningham's home, the police found a loaded handgun and two bags of cocaine in plain sight in Cunningham's bedroom. The police also found a 12-gauge shotgun, semiautomatic assault rifle, 170 rounds of ammunition for the rifle, a brick of cocaine, a white powder cutting agent that can be used in preparing cocaine for sale, and $25,000 in cash in the bedroom. Finally, in Cunningham's kitchen, the police discovered various items used to prepare drugs for sale.
>
> Cunningham was indicted on one count of possession with intent to distribute 500 grams or more of cocaine and one count of possession of a firearm—the handgun found in his bedroom—in furtherance of a drug trafficking crime.

Cunningham moved to suppress all evidence found during the search of his home. After conducting an evidentiary hearing, the Magistrate Judge issued her report and recommendation (Doc. 46) that contains nineteen findings of fact regarding the search warrants. The Magistrate Judge concluded that the supporting affidavit was sufficient to establish probable cause to justify the search warrant and the affidavit was sufficiently detailed that the officers' reliance on the warrant was reasonable and in good faith under *United States v. Leon*, 468 U.S. 897 (1984). The district court overruled Cunningham's objections, adopted the report and recommendation, and denied the motion to suppress, which ruling the circuit court affirmed.

In his amended motion to vacate Cunningham persists in challenging the search warrants (Doc. 17 at 3): "Cunningham claims that prosecutors and two Government witnesses in his case perpetrated a fraud on the Magistrate, District Court, and Appellate Court when they falsely represented to these bodies that a state

court judge issued search warrants for Cunningham's home and business." Cunningham represents that three years after his conviction was affirmed he discovered that the state courts never issued a search warrant. The linchpin to Cunningham's claim is that, in response to his public records request, the clerk for the state circuit court advised Cunningham that the state circuit court's file has no record that a search warrant issued in his case. Cunningham contends that, as a consequence, the warrants that authorized the search and were the subject of the pre-trial motion to suppress are "fake." Cunningham alleges both that, by relying on the fake warrants, the United States committed a fraud on the court and that he was denied the effective assistance of counsel because his attorney was complicit by conceding that the warrants were properly issued.

The United States explains that Cunningham's public records request was directed to the wrong entity. Cunningham requested a records search by the circuit court under the state criminal case number. However, search warrants are maintained by the local police department under the agency's case number and not the circuit court's criminal case number because no criminal case number exists when a search warrant is issued. Cunningham's asserted entitlement to a limitation under Sections 2255(f)(2) and (4) is based on a faulty premise both because the United States created no impediment to Cunningham's timely filing under Section 2255(f)(1) and because Cunningham discovered no new evidence, specifically, evidence of fraud. The United States is correct that the motion to vacate is time-barred.

- 5 -

The amened motion to vacate (Doc. 17) is **DISMISSED AS TIME-BARRED**.  The clerk must enter a judgment against Cunningham and close this case.

ORDERED in Tampa, Florida, on February 16, 2023.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE